UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDRE SMITH,<br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant.* | No. 3:22-cv-01589 (VAB) |

**RULING AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Andre Smith ("Defendant" or "Mr. Smith") filed a motion, *pro se*, under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. to Vacate, Set Aside, or Correct Sent., ECF No. 1 ("Mot.").

For the following reasons, Mr. Smith's motion is **DENIED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Factual Background[1]**

On March 18, 2020, a federal grand jury returned a superseding indictment charging Mr. Smith with conspiracy to distribute, and to possess with intent to distribute, heroin, cocaine, and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), 841 (b)(1)(B), 841 (b)(1)(C), and 846. *United States v. Swinton, et al.*, No. 3:19-CR-65, Superseding Indictment, ECF No. 348 (Mar. 18, 2020).

On October 12, 2021, Mr. Smith pled guilty before Magistrate Judge Martinez to a lesser included offense in Count One of the Superseding Indictment, specifically a violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C), and 846. *Swinton, et al.*, Plea, ECF No. 713 (Oct. 12, 2021);

---

[1] For the factual background of this case, the Court has relied on the related criminal matter, *United States v. Swinton, et al.*, No. 3:19-cr-00065-VAB-11.

1

*Swinton, et al.*, Findings and Recommendations, ECF No. 715 (Oct. 12, 2021).

On January 10, 2022, Judge Bryant accepted the plea and adjudicated Mr. Smith guilty. *Swinton, et al.*, Order, ECF No. 762 (Jan. 10, 2022).

On January 12, 2022, Judge Bryant sentenced Mr. Smith to forty-one months' imprisonment followed by a three-year term of supervised release. *Swinton, et al.*, Min. Entry, ECF No. 766 (Jan. 12, 2022); *Swinton, et al.*, Judgment, ECF No. 767 (Jan. 13, 2022).

### B. Procedural History

On December 14, 2022, Mr. Smith filed this motion to vacate, set aside, or correct his sentence. Mot.

On January 20, 2023, the Government submitted its opposition to Mr. Smith's motion. Gov't Opp'n to Mot. to Vacate, Set Aside, or Correct Sent., ECF No. 9 ("Opp'n").

On March 2, 2023, Mr. Smith sent a letter to the Court in response to the Government's opposition, which the Court will construe as Mr. Smith's reply in support of his motion. Reply in Supp. of Mot. to Vacate, Set Aside, or Correct Sent., ECF No. 12 ("Reply").

On November 15, 2023, Mr. Smith's case was transferred to this Court. Order of Transfer, ECF No. 17 (Nov. 15, 2023).

## II.  STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). "In § 2255 proceedings, petitioners bear the burden of proving, by a preponderance of the evidence, that they are entitled

to relief." *Blackmon v. United States*, No. 3:16-cv-1080 (VAB), 2019 WL 3767511, at *4 (D. Conn. Aug. 9, 2019) (citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000)).

Review on a § 2255 motion should be "narrowly limited." *Id.* (citing *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)). "A federal prisoner may not use a section 2255 petition to relitigate questions that were expressly or impliedly resolved during a direct appeal, unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Patterson v. United States*, No. 2:16-cv-1052 (SRU), 2020 WL 3510810, at *1 (D. Conn. June 29, 2020) (citing *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2013)) (internal quotation marks omitted).

Section 2255 provides that a district court should grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, "[i]t is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). In making this decision, district courts may "exercise their common sense," *Machibroda v. United States*, 368 U.S. 487, 495 (1962), and dismiss a § 2255 petition "without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017); *see also United States v. Aiello,* 900 F.2d 528, 534 (2d Cir. 1990) ("Where a petition omits 'meritorious allegations' that can be established by 'competent evidence,' 'it would go too far to say that it was error for the district court to have failed to conduct a full evidentiary hearing.'" (quoting *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987))).

Finally, where the petitioner is a *pro se*, courts must liberally construe the petitioner's

filings to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original); *see also Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman,* 470 F.3d at 474).

## III. DISCUSSION

To prevail on an ineffective assistance of counsel claim, Mr. Smith must satisfy the two-part standard established by *Strickland v. Washington*. 466 U.S. 668 (1984). For the first prong, Mr. Smith must show that counsel's performance was deficient. *Strickland*, 466 U.S. 668 at 687. In other words, Mr. Smith must show "that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. To meet the second prong, Mr. Smith must show that the alleged deficiency prejudiced him. *Id*.

Mr. Smith challenges his sentence on the ground that he received ineffective assistance of counsel in that his attorney (1) failed to investigate; (2) failed to move to suppress evidence seized under an allegedly deficient search warrant and after a failure to follow the knock-and-announce rule; and (3) miscalculated Mr. Smith's criminal history category, which resulted in him being subject to a higher guideline range than the parties agreed upon. Mot. at 6–7.

The Court will address each issue in turn.

### A. The Failure to Investigate Claim

"The general rule is 'undetailed and unsubstantiated assertions that counsel failed to conduct a proper investigation have consistently been held insufficient to satisfy either *Strickland* prong.'" *Paige v. Lee*, 99 F. Supp. 3d 340, 349 (E.D.N.Y. 2015) (quoting *Powers v. Lord*, 462 F. Supp. 2d 371, 381 (W.D.N.Y. 2006)). "[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have

4

produced." *Halo v. United States*, No. 06 CV 5041 (ARR) (RLM), 2007 WL 1299158, at *13 (E.D.N.Y. Apr. 30, 2007) (quoting *Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)).

Mr. Smith argues that his counsel was ineffective in that he failed to investigate details and concerns that Mr. Smith raised. Mot. at 6.

The Government does not respond to this claim.

The Court disagrees with Mr. Smith.

In his motion, Mr. Smith does not identify what his counsel failed to investigate or what that investigation would have produced, however, in a letter sent to the Court on September 21, 2023, Mr. Smith claims that he informed his counsel of a conflict between Mr. Smith's girlfriend and a clinician at a program that Mr. Smith participated in before his sentencing. Letter to the Court at 1, ECF No. 15 (Sept. 21, 2023) ("Letter"). Mr. Smith claims that his counsel informed him that it was too late to address the conflict, and as a result, Mr. Smith was characterized as "defiant and very uncooperative" at his sentencing and "was sentenced off that report." *Id*.

It is unclear, however, what report Mr. Smith refers to in the sentencing materials—the presentence report and sentencing memoranda—as they do not contain any clinician's report. Indeed, the only discussion of Mr. Smith's participation in a program states that "[a]ccording to the discharge summary, Mr. Smith was engaged and active in sessions . . . ." and that all thirty-three urine samples collected over a thirty-one month period were negative. *Swinton, et al.*, Presentence Report, ECF No. 758 (Dec. 22, 2021) ("PSR"). Although the sentencing Judge referred to "the defendant's poor pretrial adjustment, lack of honesty, [and] lack of responsibility, . . ." *Swinton, et al.*, Sentencing Tr. at 22:11–12, ECF No. 885 (July 21, 2022) ("Sentencing Tr."), there is no indication that those comments were related to this unidentified clinician.

Considering this, even if the Court assumed without deciding that counsel's failure to investigate this alleged conflict amounted to deficient performance, *see, e.g.*, *Byrd v. Evans*, 420 F. Appx. 28, 30 (2d Cir. 2011) (assuming without deciding that trial counsel's performance was deficient and "proceed[ing] to consider the second prong: prejudice"), Mr. Smith cannot show that there is a reasonable probability that he would have received a lesser sentence but for counsel's lack of investigation.

Accordingly, Mr. Smith's assertion is not sufficient to satisfy the second *Strickland* prong.

### B. The Failure to File a Motion to Suppress Claim

To succeed on a claim of ineffective assistance of counsel on the ground that counsel failed to file a motion to suppress, a petitioner must "demonstrate that his counsel's failure to file a motion to suppress constituted deficient performance [and] prejudiced him." *Wadman v. United States*, No. 08-CR-1295 (RJS), 2016 WL 3963103, at *6 (S.D.N.Y. July 20, 2016) (citing *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987)). To establish prejudice, a petitioner "must show that the suppression motion would have been meritorious if filed." *United States v. Martinez*, 101 F.3d 684 (2d Cir. 1996) (citing *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990)).

Mr. Smith argues that the warrant used to search his apartment was not specific enough to meet the particularity requirement, and thus his counsel was ineffective in failing to file a motion to suppress. Mot. at 6.

The Government argues that a motion to suppress would have been frivolous because the warrant was sufficient to ascertain and identify the place intended. Opp'n at 6–7. The Government also argues that a violation of the knock-and-announce rule does not result in

suppression of evidence. *Id*. at 8.

The Court agrees.

First, Mr. Smith cannot establish prejudice from his attorney failing to raise the alleged violation of the knock-and-announce requirement as "the exclusionary rule does not apply to evidence discovered in the ensuing search." *United States v. Acosta*, 502 F.3d 54, 56 (2d Cir. 2007) (citing *Hudson v. Michigan*, 547 U.S. 586, 599 (2006)).

Second, Mr. Smith failed to provide the Court with any evidence from which it could determine that his counsel's decision to not file a motion to suppress was unreasonable. *See Billie v. United States*, No. 3:10-CV-1122 (JBA), 2013 WL 2946066, at *6 (D. Conn. June 14, 2013) ("As Petitioner offers no evidence from which the Court could conclude that [counsel's] decision declining to move to suppress was an unreasonable decision, or that such a motion would have been meritorious if made, this ground for ineffective assistance of counsel must fail.").

Mr. Smith's counsel asserts that the motion was unlikely to be successful, would not have been dispositive given the nature of the charges and the other evidence against Mr. Smith, and could have resulted in the loss of acceptance. Aff. of Frank J. Riccio, II ¶ 2, ECF No. 9-2 (Jan. 20, 2023).

Mr. Smith does not provide any evidence to refute the assertion that his counsel made a strategic decision in declining to file a motion to suppress and "[a]ctions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *Gibbons v. Savage*, 555 F.3d 112, 122 (2d Cir. 2009) (citing *Strickland*, 466 U.S. at 690–91; *see also DiTommaso*, 817 F.2d at 215 ("It is sufficient that counsel exercised 'professional discretion in deciding whether there are sufficient grounds' to file a motion." (quoting *LiPuma v. Comm'r*,

*Dep't of Corrections*, 560 F.2d 84, 93 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977))).

Accordingly, Mr. Smith has not established that his counsel's performance in this regard fell below an objective standard of reasonableness, and has not satisfied the first *Strickland* prong.

### C. The Miscalculated Criminal History Category Claim

"Where the petitioner's claim is that counsel was ineffective at the time of sentencing, *Strickland* applies, and the second prong (prejudice) requires a showing that there is a reasonable probability that, but for counsel's error, the result of sentencing would have been different, that is, the petitioner would have received a lesser sentence." *Ahmed v. United States*, No. 05 CIV. 7656 (JSR) (AJP), 2006 WL 328339, at *9 (S.D.N.Y. Feb. 14, 2006).

Mr. Smith argues that his counsel was ineffective because he miscalculated Mr. Smith's criminal history category. Mot. at 7.

The Government concedes that both it and defense counsel erred in calculating Mr. Smith as having a criminal history category of I rather than II, which resulted in Mr. Smith being subject to a higher guideline range at sentencing than he agreed to. Opp'n at 2, 11. The Government argues, however, that Mr. Smith still fails under the second prong of *Strickland* because his sentence fell within the range contemplated by parties. *Id.* at 12.

The Court agrees, albeit for a different reason.

Given that the Government concedes its common error with defense counsel, and given that the sentencing transcript suggests that the parties' criminal history category calculation was not a result of any strategy or "professional discretion,"[2] the Court will assess whether the error

---

[2] Sent. Tr. at 5:1–6:5 (MR. RICCIO: When the -- I can answer it this way. When the new agreement came in and the numbers were what they were, I didn't -- my analysis stopped there. I must confess my analysis stopped there. I had his record, obviously, from knowing Mr. Smith since day one of this case. . . . THE COURT: So you didn't pay any

in calculating Mr. Smith's criminal history category resulted in any prejudice.

As Mr. Smith's forty-one-month sentence fell within the range—and within the bottom half of the range—that he agreed to in his plea, which was thirty-seven months to forty-six months, *Swinton, et al.*, Plea at 5, there is not a reasonable probability that he would have received a lesser sentence but for counsels' miscalculation.

To the extent Mr. Smith is arguing that he would not have signed the plea agreement, had he known that he could be subject to a higher range, Mr. Smith "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

But apart from claiming that his counsel was unresponsive before sentencing, Reply at 1, and he had less than twenty-four hours to consider the plea agreement, Letter at 1, Mr. Smith does not adequately allege that had he known that he was subject to a guideline range of forty-one months to fifty-one months, rather than the thirty-seven months to forty-six months he agreed to, that he would have insisted on going to trial, especially since his ultimate sentence fell within both the properly and improperly calculated guideline range by any measure. Indeed, the consideration of whether to go to trial would have to have factored in the evidence against Mr. Smith, including numerous intercepted communications and the drugs seized from Mr. Smith's residence.[3] PSR ¶¶ 18–32; *see also Billie v. United States*, No. 3:10-CV-1122 (JBA), 2013 WL 2946066, at *5 (D. Conn. June 14, 2013) ("In the face of the strong evidence of Petitioner's guilt, Petitioner cannot prove the 'prejudice' prong under *Strickland* and *Hill* and show that were it not

---

attention to the Criminal History Category? MR. RICCIO: That's correct. My focus was simply on the months of imprisonment.").

[3] Significantly, Mr. Smith himself expressed doubt of his ability to convince a jury of his innocence. *See* Reply at 1 ("The other option was trial and if I was to take it there, it would only take one or two Jurors to look at me wrong and the time would double or even triple.").

for counsel's deficient performance, he would not have pleaded guilty under these circumstances.").

Accordingly, Mr. Smith has not established ineffective assistance of counsel under *Strickland*, and the Court will deny his motion to vacate, set aside, or correct his sentence.

## IV.   CONCLUSION

For the reasons explained above, Mr. Smith's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** without a hearing.[4]

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED** at New Haven, Connecticut, this 19th day of June, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[4] Mr. Smith's claims "are insufficient as a matter of law[,]" *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017), and therefore the Court will dismiss his petition without holding a hearing. *See Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) ("It is within the district court's discretion to determine whether a hearing is warranted[]" when addressing a § 2255 petition.).